JSb

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2321 | DATE | August 25, 2003 |
| CASE TITLE | Albert C. Hanna  v  City of Chicago | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss is granted and this entire action is dismissed with prejudice.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 2 7 2003 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 26 PM 12:59 | date mailed notice | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERT C. HANNA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, )<br>)<br>Defendant. ) | No. 03 C 2321<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Albert C. Hanna has brought a one count complaint against the City of Chicago, allegedly pursuant to 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment, seeking to recover attorneys fees under 42 U.S.C. § 1988 for nearly one million dollars he allegedly spent successfully challenging a zoning ordinance in state court litigation. Defendant has moved to dismiss, arguing that (1) the complaint is barred by the doctrine of claim preclusion (res judicata); (2) the complaint fails to state a substantive due process claim; and (3) a rational basis exists for the zoning decision in question. For the reasons set forth below, the court concludes that plaintiff's claim is barred by the doctrine of claim of preclusion. Defendant's motion is granted and the case is dismissed with prejudice.

### BACKGROUND

In 1997, defendant City of Chicago re-zoned a nine block area in Lincoln Park, commonly known as the "Deming Environs," from R5 to R4. That change reduced the number of units, as well as the size of the development, that could be built on any given property within the effected area. Plaintiff, owner of a single family residence in the Deming Environs, filed suit in the Circuit Court of Cook County, Illinois, alleging that the rezoning violated the substantive due process and equal

protection clauses of the United States and the Illinois Constitutions. Based on the federal claims, the City removed the case to the United States District Court for the Northern District of Illinois, where it was assigned to Judge Plunkett. The City then moved to dismiss all the claims arguing, among other things, that the complaint failed to state a claim for a substantive due process or equal protection violation and that the federal claims were not ripe because plaintiff had not exhausted state court remedies. Rather than defending against the motion, plaintiff sought leave to amend his complaint, dropping all federal claims, and then to remand the case back to the Circuit Court of Cook County. Judge Plunkett granted the motion, dismissing the federal claims and remanding the case to the state court.

Plaintiff's state law claims went to trial before the bench in late 2000. In November 2001, Judge Sidney Jones entered a ruling in favor of plaintiff and declaring the zoning amendment invalid in violation of the Illinois Constitution. The court ordered the Deming Environs be reclassified back to R5. Plaintiff then filed a motion seeking attorney's fees under 42 U.S.C. § 1988, arguing that he prevailed on a § 1983 claim for violation of his federal substantive due process rights because the substantive due process rights protected by the Illinois Constitution had been held to be the same rights as protected by the Fourteenth Amendment. That motion was denied by Judge Sophia Hall, who had replaced Judge Jones, and who held that plaintiff did not prevail on a federal constitutional claim.

The City has appealed from Judge Jones' order finding the zoning amendment invalid and reclassifying the Deming Environs back to R5. Plaintiff has cross-appealed Judge Hall's orders denying attorney's fees and costs. Those appeals remain pending.

## DISCUSSION

In this lawsuit, plaintiff seeks to recover under § 1988 for attorneys fees incurred in litigating his state law claims in state court. Recognizing that § 1988 provides for an award of attorney's fees only for actions to enforce certain enumerated provisions of the Federal Civil Rights Act, the state court denied plaintiff's request for fees, finding that the court's decision that the City had violated plaintiff's state constitutional rights was not a decision finding a violation of any federal constitutional or statutory rights. To avoid that decision, plaintiff has filed the instant case, essentially raising the same federal constitutional claims that he voluntarily dismissed before Judge Plunkett prior to the remand to the state court. In its motion, the City argues that the final order in the state court action bars the instant suit under the doctrine of res judicata. In contrast, plaintiff argues that not only does the state court action not bar his claim, but that it entitles him to judgment based on collateral estoppel.

Because it is the order of the Circuit Court of Cook County that the City argues precludes plaintiff's claims, this court must apply Illinois law to determine whether res judicata bars the instant suit. 4901 Corp., 220 F.3d at 529. Under 28 U.S.C. § 1738, the court must give the state court judgment "full faith and credit." Id. Thus, the court gives the state court judgment the same res judicata affect that an Illinois court would give it. Id. If an Illinois court would prevent plaintiff from challenging the zoning ordinance under the federal constitution, so must this court. Id.

Under Illinois law, res judicata bars a later suit between the same parties involving the same cause of action, and includes "what was actually decided in the first action, as well as those matters that could have been decided in that suit." Id. (quoting River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 302 (1998)). For the doctrine to apply, three requirements must be satisfied: (1) a valid

3

and final judgment on the merits rendered by a court of competent jurisdiction ; (2) an identity of causes of action; (3) an identity of parties or their privies. Id.

In the instant case, there is no dispute over the third requirement; both plaintiff and the City were parties to the state court action. Nor do the parties dispute that the decisions in the state court, both on the substantive claims and the attorney's fees issues, are valid and final judgments on the merits rendered by a court of competent jurisdiction, despite the pending appeals. Indeed, both parties attempt to argue the preclusive effect of the judgments.

The lone issue, then, is whether there is identity of the causes of action between the instant suit and the prior state court action. To resolve that question, the court examines whether plaintiff's current claims (the federal constitutional claims, and the claim for attorney's fees) could have been brought in the state court action. Illinois follows the broad "transactional test" to determine this question. 4901 Corp., 220 F.3d at 530 (citing River Park, Inc., 184 Ill.2d at 309-310). Under this test, "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." (River Park, Inc., 184 Ill.2d at 311

Without question, plaintiff's federal claims arise out of the same single group of operative facts as the state claims. Indeed, plaintiff does not argue differently, because his whole suit is premised on the collateral estoppel effect of to judgment on the merits in state court. He nonetheless argues that res judicata does not bar his federal substantive due process claim because "there has been a change in the law that originally forced [plaintiff's] federal claim out of the Deming litigation." Relying on Statler v. Catalano, 293 Ill. App.3d 483, 486-87 (5th Dist. 1997), which holds that res judicata is inapplicable if there has been a change in the fundamental controlling legal

4

principals, plaintiff argues that he was forced to drop his federal substantive due process claim from the Deming litigation in the face of the City's motion to dismiss because <u>Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City</u>, 473 U.S. 172 (1985) and controlling Seventh Circuit law required him to first exhaust available state court remedies prior to bringing his federal substantive due process claims. He argues now that the Seventh Circuit recently changed its position, holding in <u>Daniels v. Area Planning Commission of Allen County</u>, 306 F.3d 445, 458 (7th Cir. 2002), that substantive due process claims challenging a zoning amendment are ripe the moment the amendment is enacted. Because of this change, plaintiff argues the instant suit is not barred by res judicata.

Plaintiff's arguments might have some merit if <u>Daniels</u> had in fact changed the law. It did not. <u>Daniels</u> involved a suit by homeowners against the Area Planning Commission of Allen County, brought pursuant to § 1983, seeking declaratory relief and a permanent injunction, alleging that the removal of certain restrictive covenants constituted a taking of their property for a private use in violation of the Fifth and Fourteenth Amendments, and the Indiana Constitution. The district court denied the defendants' motion to dismiss for failure to exhaust. Both sides moved for summary judgment on the private taking issue. In their motion, the plaintiffs also claimed that the section of the Indiana Code at issue was facially unconstitutional. The district court granted the plaintiffs' motion, concluding that the Code section was unconstitutional both as applied and facially. On appeal, the defendant argued that the plaintiffs' claims were not ripe under <u>Williamson County</u>, that even if ripe the court erred in concluding that the actions constituted a private taking, and that the Code was not facially unconstitutional.

The Seventh Circuit affirmed in part and reversed in part, concluding that the plaintiffs' unconstitutional-as-applied challenge was ripe under the limited futility exception adopted by the Supreme Court in <u>Williamson County</u>. <u>Daniels</u>, 306 F.3d at 456-57. With respect to the plaintiffs' facial challenge, the court noted that the plaintiffs had eventually amended their complaint to include a facial challenge, and then stated (<u>id</u> at 458, n.13):

> Litigants are not required to meet the <u>Williamson County</u> ripeness requirements in solely mounting a pre-enforcement facial challenge to the constitutionality of a statute under the Fifth Amendment.

It is this statement by the Seventh Circuit upon which plaintiff bases his claim that the law on ripeness changed, precluding a bar on res judicata grounds. The <u>Daniels</u> court's citations of authority for that statement, however, was the Supreme Court's decision in <u>Yee v. City of Escondido</u>, 503 U.S. 519, 533 (1992), and the Seventh Circuit's own opinion in <u>Triple G Landfills, Inc. v. Board of Commissioners of Fountain City, Indiana</u>, 977 F.2d 287 (7th Cir. 1992), both of which were issued well before plaintiff brought the Deming litigation. Both of those cases specifically stated that facial challenges to the validity of a zoning ordinance itself are not subject to the <u>Williamson County</u> ripeness doctrine. That was the law in 1992. That was the law in 1997 when plaintiff filed his original lawsuit, and that was the law when plaintiff, faced with the City's motion to dismiss, elected to drop his federal facial challenge to the ordinance rather than defend the motion to dismiss.

Because the law has not changed, plaintiff could have raised his facial challenge in the Deming litigation. The final order in that case thus bars the instant case under the doctrine of res

judicata. Accordingly, the City's motion to dismiss is granted and this entire action is dismissed with prejudice.

**ENTER:**   **August 25, 2003**

_____
Robert W. Gettleman
United States District Judge